## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**DANIEL SILVA**                                                                                    **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 4:22-CV-P166-JHM**

**L. PATRICK AULD** *et al*.                                                                     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983/*Bivens*[1] prisoner civil-rights action.  The matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff Daniel Silva is incarcerated as a pretrial detainee at the Grayson County Detention Center (GCDC).  He names the following as Defendants in this action – Magistrate Judge L. Patrick Auld, Middle District of North Carolina; Judge William Campbell, Middle District of Tennessee; Rascoe S. Dean, United States Attorney, Middle District of Tennessee; and GCDC Jailer Jason Woosley.  Plaintiff sues Defendants in both their official and individual capacities.

Plaintiff states as follows in the complaint:

On Feb 13, I was arrested in N.C. by the FBI for the charge of 18 U.S.C. 875(c) threats in interstate commerce. . . .  Judge Auld [] denied bail at my detention hearing, his order is void and is a [constitutional] violation because he sat on 7 of my lawsuits I had against victim 1 at the time . . .  He obstructed Victim 1's crimes for months and knew case 3:22-cr-00122 is very unconstitutional at the time he sent me to Grayson in KY, he's guilty of conspiracy against civil rights 18 U.S.C. 242, RICO violations, obstruction of justice, and most likely other crimes . . . .

Judge Campbell had a hearing with me on May 18 of this year at the hearing he violated my [constitutional] rights to fight my case (pro se) . . . .  He then violated

---

[1] *In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971), the Supreme Court established a direct cause of action under the Constitution against federal officials for the violation of constitutional rights analogous to a claim under 42 U.S.C. § 1983 against state actors. In this action, Plaintiff sues three federal officials and one state actor for violations of his constitutional rights.

> my [] right of a jury trial that would have taken place. . . in Nashville on May 23, 2022.  Judge Campbell gave an order directing the A.g. to hospitalize me in a suitable facility.  He deemed me incompetent to stand trial.  His order is very void because I had been suing him the day I was arrested . . . .  He had not given me the opportunity to be heard in a RICO case I brought against Victim 1 and went as far as to dismiss the case with prejudice without even a single hearing, his order is the most void in American History!!  He gave an order deeming Defendant insane to stand trial . . . .
>
> Rascoe S. Dean [] United States Attorney brought a fraudulent unconstitutional criminal case against me . . . in the MDoT.  He knew of the 7 lawsuits I had vs. Victim 1 in the MDoNC at the time plus I filed around another 7 verified lawsuits vs. Victim 1 in the MDoT  . . . never got a single fair hearing . . . .  Victim 1 in this case is the musical pop star Taylor Swift, I've sued her (24) times in the MDoF, NDoF, MDoNC, MDoT for involving fraudulent trademarks . . . .  Over the past 6 years I've sued her for trademark violations, civil rights violations, RICO violations, and defamation . . . .
>
> I'm suing [GCDC Jailer Woosley] because I'm being held against my will at GCDC on a fraudulent complaint . . . .  The Jailers have searched me many times since I've been here . . . .

Plaintiff requests no relief in the complaint but filed a separate document titled "Relief Requested" (DN 3).  This document contains a motion for a temporary restraining order (TRO); a motion to set a hearing; a request for money damages; a motion for injunctive relief; a motion for expedited relief; and a motion for a declaratory judgment.

Approximately one month after initiating this action, Plaintiff filed a motion to expedite service (DN 9); a motion for injunctive relief (DN 10); a motion for a TRO (DN 11); a motion for a hearing (DN 12); and a notice of amended relief sought (DN 14).

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

III.

A. Defendants Auld, Campbell, & Dean

At the outset, the Court observes that none of these Defendants live or reside in Kentucky and that Plaintiff's allegations against them do not pertain to events that occurred in the Western District of Kentucky. Thus, this Court is not the proper venue for these claims. *See* 28 U.S.C. § 1391(b). Where venue is improper, the Court may transfer a case to a proper venue, rather than dismiss, "if it be in the interest of justice." 28 U.S.C. § 1406(a). However, as discussed below, Plaintiff's claims against these Defendants are subject to dismissal on initial review. Therefore, the Court finds that dismissal, rather than a transfer, is appropriate. *See Wilson v. Allied-Barton Sec. Servs.*, No. 2:10-cv-1156-LKK-JFM (PS), 2011 U.S. Dist. LEXIS 47373, at *6-7 (E.D. Cal. May 3, 2011) (holding that dismissal, rather than transfer, was appropriate where the transfer would be futile because the case would be dismissed even after transfer) (citing *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Auld, Campbell, and Dean, as federal officials, are actually brought against the United States, as their employer. "[C]laims against the United States and against any federal judges in their official capacity are subject to dismissal on the basis that such claims are absolutely barred by sovereign immunity." *Hessmer v. United States*, No. 3:13-mc-0042, 2013 U.S. Dist. LEXIS 64738, at *5 (M.D. Tenn. May 7, 2013); *see also Datta v. DEA Agents*, No. 1:21-CV-2494 (LTS), 2021 U.S. Dist. LEXIS 144046, at *9 (S.D.N.Y. Aug. 2, 2021) (dismissing official-capacity claims against federal judges, DEA agents, IRS agents, and

4

federal prosecutors as barred by sovereign immunity). Thus, Plaintiff's official-capacity claims against these Defendants are barred by sovereign immunity and must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's individual-capacity claims against Defendants Auld and Campbell fail because judges are entitled to absolute immunity from suits for damages for all actions taken in their judicial capacity, unless those actions are taken in the absence of any jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). Because the complaint pertains only to actions taken by Defendants Auld and Campbell in their judicial capacities and within their jurisdictional authority, Plaintiff's individual-capacity claims against them are barred by judicial immunity and will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's individual-capacity claim against "United States Attorney" Dean for bringing a "fraudulent unconstitutional criminal case" against Plaintiff is also subject to dismissal because prosecutors performing traditional prosecutorial activities are given absolute immunity in § 1983 and *Bivens* suits. *See Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). Thus, this claim will also be dismissed for failure to state a claim upon which relief may be granted.

**B. Defendant Woosley**

The Court next turns to the claims against Defendant Woosley which are based on Plaintiff's allegations that he is being held as a federal pretrial detainee at GCDC "against his will" and that GCDC jailers have searched him several times.

Plaintiff's official-capacity claim against Defendant Woosley is actually against Grayson County. *See Kentucky v. Graham*, 473 U.S. at 165-66. "A municipality may not be held liable under § 1983 on a *respondeat superior* theory—in other words, '*solely* because it employs a tortfeasor.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014) (quoting *Monell*, 436 U.S. at 691). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The complaint contains no allegations which suggest that the alleged violation of Plaintiff's constitutional rights is the result of a custom or policy implemented or endorsed by Grayson County. Instead, Plaintiff alleges circumstances that affect him individually. Thus, the Court will dismiss Plaintiff's official-capacity claim against Defendant Woosley for failure to state a claim upon which relief may be granted.

Because Plaintiff makes no specific allegations against Defendant Woosley, the Court presumes that Plaintiff seeks to hold him liable in his individual capacity based on his supervisory

role as the GCDC Jailer. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995*); Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Because the complaint contains no allegations that Defendant Woosley was actively involved in the alleged violation of Plaintiff's constitutional rights, Plaintiff's individual-capacity claim against him fails to state a claim upon which relief may be granted.

Finally, even if Plaintiff's claims against Defendant Woosley were not subject to dismissal for the above reasons, they would be subject to dismissal for other reasons. First, as to Plaintiff's claim that he is being held against his will as a federal pretrial detainee at GCDC, his detention is clearly based upon an order entered by the federal district court in Tennessee and/or North Carolina that is presiding over his criminal action(s), and this Court has no authority to review the order of those courts.[2] Moreover, Plaintiff's claim that he has been subjected to multiple searches at GCDC is too vague and conclusory to state a claim. *See Iqbal*, 556 U.S. at 678 (holding that a complaint

---

[2] Plaintiff may challenge orders entered by the district court(s) in his ongoing federal criminal cases through motions for reconsideration or appeals to the appropriate appellate court. The Court additionally notes that, in one of his filings, Plaintiff requested a 28 U.S.C. § 2241 habeas corpus form and that this form has been mailed to Plaintiff by the Clerk of Court.

does not suffice if it tenders "'naked assertion[s]'" devoid of "'further factual enhancement'" (citation omitted)); *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

### C. Motions for TRO/Injunctive Relief/Declaratory Judgment (DNs 3, 10, 11, & 14)

In the first motions (DN 3), Plaintiff requests a TRO and injunctive relief "blocking any transfer to a mental health facility" from GCDC because the order entered by Judge Campbell on May 23, 2022 (in which Plaintiff indicates he was deemed incompetent to stand trial) is "void." Plaintiff also asks the Court to enter a declaratory judgment holding that certain orders entered in his federal criminal case(s) are unconstitutional.

In the second motion for injunctive relief (DN 10), Plaintiff again asks for an order "barring my transfer to any such suitable facility in case 3:22-cr-00122 Because the Judge made the 'void order.'" In the second motion for a TRO (DN 11), Plaintiff similarly requests that the Court enter a "T.R.O. against Judge Campbell's Order made on May 23, 2022, order the A.g. to hospitalize me for up to a 4 months in a suitable facility . . . ."

In the notice of amended relief sought (DN 14), Plaintiff seeks a declaratory judgment stating that "Judge Auld's order sending me to KY [is] unconstitutional"; "Case 3:22-CR-00122 brought by Rascoe Dean is unconstitutional"; "Judge Campbell's Order sending me to a hospital in case 3:22-CR-00122 is unconstitutional"; and Plaintiff's detainment at GCDC is unconstitutional.

Because, as explained above, this Court has no authority to review orders entered in federal criminal proceedings against Plaintiff in either Tennessee or North Carolina, **IT IS HEREBY ORDERED** that the motions for TROs, injunctive relief, and declaratory judgments (DNs 3, 10, 11, & 14) are **DENIED**.

### D. Remaining Motions (DNs 3, 9, & 12)

Because this action is being dismissed, Plaintiff's motions for expedited relief, expedited service, and hearings (DNs 3, 9, & 12) are **DENIED as moot**.

### IV.

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion and Order.

Date: January 12, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
       Defendants
       Grayson County Attorney
4414.011